16-3817-cr
United States v. Demers

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 29th day of October, two thousand eighteen.

Present:    RALPH K. WINTER,
            ROSEMARY S. POOLER,
                    *Circuit Judges.*
            ROBERT W. SWEET,[1]
                    *District Judge.*

---

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                                      16-3817-cr

STACIE DEMERS,

                    *Defendant-Appellant.*[2]

---

Appearing for Appellant:    James M. Branden, New York, N.Y.

---

[1] Judge Robert W. Sweet, United States District Court for the Southern District of New York, sitting by designation.

[2] The Clerk of the Court is directed to amend the caption as above.

Appearing for Appellee:     Carina H. Schoenberger, Assistant United States Attorney General, for Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, N.Y.

Appeal from the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Stacie Demers appeals from the October 28, 2018 judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*) on one count of conspiracy to possess with intent to distribute and to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and one count aiding and abetting possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2(a). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Demers' sole argument on appeal is that her counsel was constitutionally ineffective for moving to strike the testimony and failing to move instead for a mistrial after a witness testified as to her drug-smuggling activities in the 1990s—outside the time period charged in the indictment. "[W]hether a defendant's lawyer's representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact that is reviewed de novo." *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000) (citation and internal quotation mark omitted).

When a defendant raises a claim of ineffective assistance of counsel on direct appeal, this Court "may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. DeLaura*, 858 F.3d 738, 743 (2d Cir. 2017) (citation and internal quotation marks omitted). "Generally, Courts of Appeals are reluctant to address ineffectiveness claims on direct review" because "the constitutional sufficiency of counsel's performance is usually unripe for seasoned retrospection until after the trial and whatever appeal may follow." *United States v. Salameh*, 152 F.3d 88, 160 (2d Cir. 1998). In keeping with the general practice of this court, we affirm the conviction below without prejudice to Demers' renewing her ineffective assistance of counsel claim in a habeas proceeding. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.").

We have considered the remainder of Demers' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk